IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVIVA PLC, formerly known as COMMERCIAL UNION ASSURANCE COMPANY LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE FLINTKOTE COMPANY, <br><br> Defendant. | No. CV 13-00711 SI <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Currently before the court is defendant's motion to dismiss, which is scheduled for a hearing on November 22, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendants' motion to dismiss and DISMISSES the case without prejudice.

**BACKGROUND**

Plaintiff Aviva PLC, formerly known as Commercial Union Assurance Company Ltd. ("CU U.K.")[1] is an insurance company headquartered in London, England. Am. Compl. ¶ 2. Defendant The Flintkote Company ("Flintkote") is a Delaware corporation headquartered in San Francisco, California. *Id.* ¶ 3. Flintkote manufactured various asbestos-containing products from the 1930s until the mid-

---

[1] Plaintiff refers to itself as CU U.K., and the Court will do the same.

1980s and, as a result, was sued by claimants alleging injuries caused by exposure to those products.[2] *Id.* ¶¶ 8-9. In the mid-1980s, Flintkote and certain of its insurers entered into an Agreement Concerning Asbestos-Related Claims, known as the "Wellington Agreement," which calls for dispute resolution through ADR procedures. *Id.* ¶ 12, Ex. 11. CU U.K. is not a signatory to the Wellington Agreement; instead, CU U.K. and Flintkote entered into a separate agreement (the "1989 Agreement"), which was based on the Wellington Agreement but provided for dispute resolution between CU U.K. and Flintkote through litigation.[3] *Id.* ¶¶ 13-14, Ex. 12.

Due to its asbestos liabilities, Flintkote filed a Chapter 11 bankruptcy case in the United States Bankruptcy Court for the District of Delaware in 2004. Am. Compl. ¶ 15; *In re The Flintkote Co. and Flintkote Mines, Ltd.*, No. 04-11300 JFK, 486 B.R. 99 (Bankr. D. Del. 2012).[4] Since 2006, Flintkote, CU U.K., and other Flintkote insurers have engaged in mediation pursuant to the Wellington Agreement over outstanding disputes related to the insurance policies. *Flintkote Co. v. Indem. Marine Assurance Co. Ltd.*, CV 13-103-LPS, 2013 WL 5461850, at *2 (D. Del. Sept. 30, 2013). The parties exchanged draft arbitration agreements, but ultimately failed to execute a final arbitration agreement. *Id.*

In December 2012, CU U.K. petitioned the bankruptcy court to lift the automatic stay on actions against Flintkote as a bankrupt debtor so that it could exercise its right under the 1989 Agreement to litigate the parties' disputes in court. *In re The Flintkote Co.*, 486 B.R. 99 (ECF No. 7256). On January 17, 2013, before the stay was lifted, Flintkote filed an action against CU U.K. in the United States District Court for the District of Delaware ("the Delaware action") seeking to compel CU U.K. to arbitrate the parties' dispute. *Flintkote*, 2013 WL 5461850, at *2; Docket No. 10-1, ¶¶ 25-28. Additionally, Flintkote requested a declaratory judgment on several factual and legal issues related to

---

[2] For more details on these lawsuits, see *In re The Flintkote Co. and Flintkote Mines, Ltd.*, 486 B.R. 99 (Bankr. D. Del. 2012).

[3] The relevant portion of the 1989 Agreement states that "Flintkote and CU U.K. shall resolve through litigation any disputed issues related to this Agreement, and nothing contained in any provision of this Agreement or any provision of the Wellington Agreement, as applied to this Agreement, shall require CU U.K. and Flintkote to resolve any disputes relating to this Agreement through ADR under the Wellington Agreement." Am. Compl. Ex. 12.

[4] The order confirming Flintkote's plan of reorganization is currently under review on appeal. Pl.'s Opp'n at 2 (Docket No. 38).

2

the insurance policies and the 1989 Agreement between the parties, and also pled causes of action for breach of contract, bad faith, and action on account. Docket No. 10-1, ¶¶ 29-49.

On February 19, 2013, the bankruptcy stay was lifted and CU U.K. filed the present action for declaratory relief as to the same factual and legal issues that Flintkote presented in the Delaware action.[5] *Compare* Am. Compl. ¶ 20 *with* Docket No. 10-1, ¶ 24. On March 13, 2013, Flintkote moved to dismiss, transfer, or stay this case in light of the first-filed Delaware action. Docket No. 9. On May 14, 2013, this Court granted the request to stay this action pending the Delaware court's ruling on Flintkote's then-pending motion to compel arbitration and CU U.K.'s motion to dismiss or transfer the Delaware case to this Court. Docket No. 31.

On September 30, 2013, the Delaware court granted Flintkote's motion to compel arbitration and denied as moot CU U.K.'s motion to transfer the Delaware case. *Flintkote*, 2013 WL 5461850, at *4. The court entered a final judgment dismissing the case on October 7, 2013, and CU U.K. filed an appeal with the Third Circuit that same day. Docket No. 35; Docket No. 36, App. at A2-A3.

Flintkote has now renewed its motion to dismiss this case based on the Delaware court's orders compelling arbitration and denying transfer. Docket No. 36. CU U.K. opposes the motion to dismiss and requests that the Court maintain the stay on this case while it pursues its appellate rights. Docket No. 38. All parties' briefs have been received and reviewed by the Court.

**DISCUSSION**

Flintkote contends that this case should be dismissed pursuant to principles of federal comity, judicial efficiency, and the "first-to-file" rule because all issues in the first-filed Delaware action have been sent to arbitration and final judgment has been entered in that case. Def.'s Mot. at 4 (Docket No. 36). CU U.K. counters that the stay here is appropriate while it appeals the Delaware court's order compelling arbitration. Pl.'s Opp'n at 4 (Docket No. 38).

"[P]rinciples of comity allow a district court to decline jurisdiction over an action where a

---

[5] The parties do not dispute that the Delaware action covers the same issues outlined in the present complaint and also includes additional causes of action. Def.'s Mot. at 2 (Docket No. 36); Pl.'s Opp'n at 5 (Docket No. 17).

3

complaint involving the same parties and issues has already been filed in another district." *Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). The doctrine of comity seeks to promote judicial efficiency by avoiding any unnecessary burden on the federal judiciary and by avoiding duplicative and conflicting judgments. *See Church of Scientology v. United States Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979). These principles rest on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952). "This 'first-to-file' rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95. Indeed, it has long been recognized that "[a]s a part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (citing, *inter alia*, *Colorado River*, 424 U.S. at 817 ("As between federal district courts, [...] though no precise rule has evolved, the general principle is to avoid duplicative litigation.")).

In exercising its discretion to continue the stay or dismiss the present case, the Court finds that the interests of comity, consistency, and judicial economy dictate that this action be dismissed. The parties do not dispute that the issues in CU U.K.'s claim for declaratory relief before this court are identical to those in the Delaware action. *See* Def.'s Mot. at 2 (Docket No. 36); Pl.'s Opp'n at 5 (Docket No. 17). CU U.K. will have the opportunity to resolve all issues it sought to have adjudicated here in arbitration. If CU U.K. is successful with its Third Circuit appeal, it may once again move the Delaware court to dismiss or transfer the case, and it will be provided a full opportunity to vindicate its rights in that court. Concerns about the statute of limitations or collateral estoppel, which sometimes counsel a stay over dismissal, do not arise here. *See Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008) ("If there are concerns regarding the availability of remedies in the court of first filing, or regarding its jurisdiction over claims which might implicate a statute of limitations if dismissed by that court, or if that court is preparing to transfer its matter to the court of second filing, then the court of second filing should consider a stay."); *see also Alltrade*, 946

F.2d at 627-28. CU U.K. has not raised any of those concerns here.[6] Thus, the Court finds that plaintiff CU U.K. would not be prejudiced by the dismissal of this action.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss and DISMISSES the case without prejudice. This order resolves Docket No. 36.

**IT IS SO ORDERED.**

Dated: November 21, 2013

SUSAN ILLSTON
United States District Judge

---

[6] Defendant also argues that plaintiff's complaint should be dismissed because the Delaware district court's order compelling arbitration has a preclusive effect on the claims in the action before this Court. However, the Delaware district court's ruling only determined whether CU U.K., though a non-signatory to the Wellington Agreement, is bound to arbitrate under a theory of estoppel. *Flintkote*, 2013 WL 5461850, at *3. The Delaware district court did not rule on the merits of the issues presented in the case, but simply determined that the parties should proceed with arbitration. *Id.* at *4.

5